IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| CENTER FOR FOOD SAFETY, et al., ) | |
| Plaintiffs, ) | |
| v. ) | No. 1:16-cv-01008-EGS |
| S. M. R. JEWELL, in her official capacity as Secretary of the United States Department of the Interior, et al., ) | |
| Defendants. ) | |

**STIPULATED SETTLEMENT AGREEMENT**

This Stipulated Settlement Agreement ("Agreement") is entered into by and between Plaintiffs the Center for Food Safety ("CFS") and the Center for Biological Diversity ("CBD") (collectively, "Plaintiffs") and Defendants S. M. R. Jewell, in her official capacity as Secretary of the United States Department of the Interior; and the United States Fish and Wildlife Service ("Service") (collectively, "Defendants"), who, by and through their undersigned counsel, state as follows:

WHEREAS, on August 26, 2014, CFS and CBD, among others, submitted a petition requesting that the Service list the monarch butterfly (*Danaus plexippus plexippus*) as a threatened species pursuant to the Endangered Species Act ("ESA"), 16 U.S.C. § 1531 *et seq.*;

WHEREAS, on December 31, 2014, in accordance with 16 U.S.C. § 1533(b)(3)(A), the Service issued a "90-day finding" in response to Plaintiffs' petition on the monarch butterfly, in which the Service concluded that the petition presented substantial information indicating that the listing of the monarch butterfly under the ESA "may be warranted," *see* 79 Fed. Reg. 78,775 (Dec. 31, 2014);

1

WHEREAS, Plaintiffs sent a letter to Defendants on January 5, 2016, stating their intent to file suit to compel the Service to issue a finding pursuant to 16 U.S.C. § 1533(b)(3)(B) ("12-month finding") as to whether listing the monarch butterfly as a threatened species under the ESA is warranted, not warranted, or warranted but precluded;

WHEREAS, on March 10, 2016, Plaintiffs filed the above-captioned action to compel the Service to issue a 12-month finding for the monarch butterfly;

WHEREAS, the parties, by and through their authorized representatives, and without any admission or final adjudication of the issues of fact or law with respect to Plaintiffs' claims, have reached a settlement that they consider to be a just, fair, adequate, and equitable resolution of the disputes set forth in Plaintiffs' complaint;

WHEREAS, the parties agree that settlement of this action in this manner is in the public interest and is an appropriate way to resolve the dispute between them;

NOW, THEREFORE, the parties hereby stipulate and agree as follows:

1. The terms "ESA," "species," "critical habitat," "90-day finding," "12-month finding," "Listing Program," "Service," "deadline suit," "deadline suits," and "finding," have the same meanings and definitions as provided in section A of the stipulated settlement agreement between Defendants and CBD in *In re Endangered Species Act Section 4 Litig.*, Misc. Action No. 10-377 (EGS), MDL Docket No. 2165, Docket No. 42-1 ("CBD Agreement"), which was filed on July 12, 2011, and approved by this Court on September 9, 2011.

2. On or before June 30, 2019, the Service shall review the status of the monarch butterfly and submit to the Federal Register a 12-month finding as to whether the listing of that species as a threatened or endangered species is (a) not warranted; (b) warranted; or (c) warranted but precluded by other pending proposals, pursuant to 16 U.S.C. § 1533(b)(3)(B).

3. Either party may seek to modify the deadline specified in paragraph 2 for good cause shown, consistent with the Federal Rules of Civil Procedure. In that event, or in the event that either party believes that the other party has failed to comply with any term or condition of this Agreement, the parties shall use the dispute resolution procedures specified in paragraph 4 below.

4. The Order entering this Agreement may be modified by the Court upon good cause shown, consistent with the Federal Rules of Civil Procedure, by written stipulation between the parties filed with and approved by the Court, or upon written motion filed by one of the parties and granted by the Court. In the event that either party seeks to modify the terms of this Agreement, including the deadline specified in paragraph 2, or in the event of a dispute arising out of or relating to this Agreement, or in the event that either party believes that the other party has failed to comply with any term or condition of this Agreement, the party seeking the modification, raising the dispute, or seeking enforcement shall provide the other party with notice of the claim. The parties agree that they will meet and confer (either telephonically or in person) at the earliest possible time in a good-faith effort to resolve the claim before seeking relief from the Court. If the parties are unable to resolve the claim themselves, either party may seek relief from the Court. In the event that Defendants fail to meet a deadline and have not sought to modify it, Plaintiffs' first remedy shall be a motion to enforce the terms of this Agreement. This Agreement shall not, in the first instance, be enforceable through a proceeding for contempt of court.

5. If, at any time before all the requirements of this Agreement have been satisfied, the Service concludes that it will not have sufficient resources to complete the actions required by this Agreement and the actions required by other court orders or court-approved settlement agreements, the Service may seek Plaintiffs' consent to modify this Agreement through a written

3

stipulation filed with the Court in accordance with paragraph 4 of this Agreement. If the Service is unable to obtain Plaintiffs' consent, the Service may seek to modify the terms of this Agreement in accordance with paragraph 4 of this Agreement.

6. If CBD:

　　a. In Fiscal Year ("FY") 2016, files one or more deadline suits or challenges to warranted-but-precluded findings against the Service seeking, in total, findings, listing determinations, or critical habitat determinations for more than 10 species; or

　　b. In FY 2016, obtains from any deadline suit, challenge to any warranted-but-precluded finding, or from deadline suits and challenges to warranted-but-precluded findings combined, a total of more than three remedies requiring the Service to make additional findings, listing determinations, or critical habitat determinations prior to April 1, 2017;

then the date specified in paragraph 2 of this Agreement shall be replaced with the end of FY 2019 (*i.e.*, September 30, 2019). For purposes of subsections (a) and (b) of this paragraph, a "remedy" shall mean a stipulated settlement agreement or judicially enforceable order requiring the Service to make any finding, listing determination, or critical habitat determination for a species. Such remedy is obtained as of the date of the parties' filing of a stipulated settlement agreement with a court, or, if remedy is contested, the date of a court order. Nothing in this paragraph shall be construed as precluding the parties from separately seeking modification or enforcement of the terms in this Agreement in accordance with paragraph 4 of this Agreement.

7. No party shall use this Agreement or the terms herein as evidence of what does or does not constitute a reasonable timeline for issuing a 12-month finding under 16 U.S.C. § 1533 in any other proceeding regarding the Service's implementation of the ESA.

8. Defendants agree that Plaintiffs are the "prevailing party" in this action, and agree to pay Plaintiffs' reasonable attorneys' fees and costs pursuant to section 11(g) of the ESA, 16 U.S.C. § 1540(g).

9. The parties agree to the following schedule for addressing attorneys' fees and costs:

   a. Within 30 days of the entry of the order by this Court approving this Agreement, Plaintiffs will provide to Defendants an itemization of the attorney's fees and costs it seeks to recover to allow Defendants to assess whether settlement of such claims is possible.

   b. Within 60 days of Defendants' receipt of this itemization of Plaintiffs' proposed fees and costs, the parties will notify the Court whether they have reached a settlement as to the payment of Plaintiffs' attorneys' fees and costs by Defendants.

   c. If the parties have not reached agreement on attorneys' fees and costs at the time they provide this post-receipt notice to the Court, Plaintiffs may move within 30 days of that date for the Court to award attorneys' fees and costs. Briefing and adjudication of Plaintiffs' motion for attorneys' fees and costs and Defendants' opposition thereto will then proceed as provided in LCvR 7. In the event that Plaintiffs file such a motion, Defendants reserve the right to contest the reasonableness of the amount of Plaintiffs' claimed attorneys' fees and costs, including hourly rates and the number of hours billed.

10. The parties agree that Plaintiffs reserve the right to seek additional fees and costs incurred subsequent to this Agreement arising from a need to enforce or defend against efforts to

modify the underlying schedule outlined in paragraph 2 or for any other continuation of this action.  By this Agreement, Defendants do not waive any right to contest fees claimed by Plaintiffs or Plaintiffs' counsel, including hourly rates and the number of hours billed, in any future litigation or continuation of the present action.  Further, this Agreement as to attorneys' fees and costs has no precedential value and shall not be used as evidence in any other attorneys' fees litigation.

11. No provision of this Agreement shall be interpreted as, or constitute, a commitment or requirement that Defendants take action in contravention of the ESA, the Administrative Procedure Act ("APA"), or any other law or regulation, either substantive or procedural.  Nothing in this Agreement shall be construed to limit or modify the discretion accorded to the Service by the ESA, the APA, or general principles of administrative law with respect to the procedures to be followed in making any determination required herein, or as to the substance of any final determination.  To challenge any final rule issued in accordance with this Agreement, Plaintiffs will be required to file a separate action.  Plaintiffs reserve the right to challenge substantive decisions made by Defendants pursuant to paragraph 2 above, and Defendants reserve the right to raise any applicable claims or defenses.

12. Nothing in this Agreement shall be interpreted as, or shall constitute, a requirement that Defendants are obligated to pay any funds exceeding those available, or take any action in contravention of the Anti-Deficiency Act, 31 U.S.C. § 1341, or any other applicable appropriations law.

13. The parties agree that this Agreement was negotiated in good faith and that this Agreement constitutes a settlement of claims that were denied and disputed by the parties.  By entering into this Agreement, the parties do not waive any claim or defense.

14. The undersigned representatives of each party certify that they are fully authorized by the party or parties they represent to agree to the Court's entry of the terms and conditions of this Agreement and do hereby agree to the terms herein.

15. The terms of this Agreement shall become effective upon entry of an order by the Court approving the Agreement.

16. Upon approval of this Agreement by the Court, all counts of Plaintiffs' complaint shall be dismissed with prejudice. Notwithstanding the dismissal of this action, however, the parties hereby stipulate and respectfully request that the Court retain jurisdiction to oversee compliance with the terms of this Agreement and to resolve any motions to modify such terms. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375 (1994).

Dated: July 5, 2016                                                    Respectfully submitted,

*/s/ John T. Buse*                                                     JOHN C. CRUDEN
JOHN T. BUSE                                                           Assistant Attorney General
Center for Biological Diversity                                        SETH M. BARSKY
1212 Broadway, Suite 800                                               Section Chief
Oakland, CA 94612                                                      MEREDITH L. FLAX
Tel: (323) 533-4416                                                    Assistant Section Chief
Fax: (415) 436-9683                                                    CLIFFORD E. STEVENS, JR.
E-mail: jbuse@biologicaldiversity.org                                  Trial Attorney
                                                                       KAITLYN POIRIER
GEORGE A. KIMBRELL                                                     Trial Attorney
Center for Food Safety
917 SW Oak Street, Suite 300                                           */s/ H. Hubert Yang*
Portland, OR 97205                                                     H. HUBERT YANG
Tel: (971) 271-7372                                                    Trial Attorney
Fax: (971) 271-7374                                                    United States Department of Justice
E-mail: gkimbrell@centerforfoodsafety.org                              Environment & Natural Resources Division
                                                                       Wildlife & Marine Resources Section
*Attorneys for Plaintiffs*                                             Ben Franklin Station
                                                                       P.O. Box 7611
                                                                       Washington, DC 20044-7611
                                                                       Tel: (202) 305-0210
                                                                       Fax: (202) 305-0275
                                                                       E-mail: hubert.yang@usdoj.gov

                                                                       *Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on July 5, 2016, I electronically filed the foregoing Stipulated Settlement Agreement with the Clerk of the Court using the CM/ECF system, which will send notification of this filing to the attorneys of record.

*/s/ H. Hubert Yang*
H. HUBERT YANG
United States Department of Justice
Environment & Natural Resources Division
Wildlife & Marine Resources Section
Ben Franklin Station
P.O. Box 7611
Washington, DC 20044-7611
Tel: (202) 305-0209
Fax: (202) 305-0275
E-mail: hubert.yang@usdoj.gov

*Attorney for Defendants*